## McCALL v. UNITED STATES.

### No. 13670.

United States Court of Appeals
Fifth Circuit.

Nov. 13, 1951.

Myer Goldberg, Henry N. Payton, Newnan, Ga., for appellant.

Lamar N. Smith, Asst. U. S. Atty., J. Ellis Mundy, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

JOSEPH C. HUTCHESON, Jr., Chief Judge.

Appealing from a verdict and judgment finding him guilty of unlawfully possessing tax unpaid whiskey, and sentencing him to imprisonment for one year and one day, appellant is here seeking a reversal on three grounds.

The first of these is that the evidence is insufficient to support the verdict.[1]

1. This consisted of the testimony of one witness, Potts, the sheriff of Coweta County. He testified: that on Dec. 23, 1950, while he was at the bridge which is just about the line between Coweta and Meriwether Counties, and about 300 or 400 yards from McCall's home, he saw two men pass in an automobile and go on over into Meriwether County; that he heard the car stop and the door to the car slam at McCall's house; that in about five minutes the same car came back; that he stopped the car and found one gallon of non tax paid distilled spirits in a glass jug on the front seat of the car; and that he arrested the two men who were occupants of the car.

He further testified: that he got Mr. Lucas, a federal revenue officer, and went to McCall's house where they asked for him and were advised that he was not there; that they then began a search of a field near the house and found one gallon of whiskey hid in broom straw; that

The second[2] is that the government improperly argued, over defendant's objection and without correction by the court, that the evidence was sufficient to show that the defendant was carrying on a liquor business and selling liquor, whereas he was charged only with possession.

The third ground is that the court abused its discretion in refusing a new trial for newly discovered evidence.[3]

We are of the clear opinion that the judgment should be reversed and the cause remanded for trial anew. It was error for the district attorney to argue that another and far graver offense than the one for which defendant was charged had been, and was, being committed.

It might well be that if this were the only point made for reversal, the error should be regarded as insufficiently harmful to require reversal. When, however, it is considered along with, the state of the evidence, sketchy, fragmentary, and entirely circumstantial, and the affidavits as to the newly discovered evidence which were completely contradictory to the inferences the sheriff in his testimony drew, the matter stands differently. Whatever, in short, our view might be if only one of the three claimed errors had been put forward, we

this whiskey was in a jug similar to the one he had found previously and that the jug had no tax stamps; that the whiskey was found about two steps off a trail or foot path which ran from the appellant's house across McCall's field to the cafe owned by him about 250 yards away; that before finding the whiskey, they found fifty or so post holes about as big as a jug and about 18 inches deep in the field around his house; and that, in his opinion as an officer, these holes had been used to hide jugs of whiskey; that the only whiskey they found, however, was the gallon jug.

On cross-examination, he admitted that he did not see the car stop at McCall's house but he insisted that he knew that it stopped because of the sound of the motor and the slamming of the car door; that he was positive that the automobile drove into McCall's yard, but he admitted that the whiskey could have been in the car at the time and that the whiskey found in the field could have been placed there by the occupants of the car or by someone else.

2. This was the argument by Mr. Smith for the government:

"Now, they say this is an insignificant case. Insignificant. Well, now, Gentlemen of the jury, those fifty or more holes dug out there in Avran McCall's field back of this place of business, this juke joint, fifty or more of them dug with the post hole digger to fit a gallon jug, with rocks over them, and with broom straw over them, Gentlemen, that is not insignificant. That is significant, and I am telling you, it tells you that this defendant was carrying on a liquor business there, selling white liquor, just like the liquor that was found there, and I believe, Gentlemen of the Jury—"

This was the objection by Mr. Goldberg for the appellant:

"Now if Your Honor please, I want to object to that line of argument. I think it is improper. This defendant is not charged with selling liquor, and he's arguing that the evidence shows that this man was carrying on the business of being a retail liquor dealer, or selling liquor there."

This was the action of the court:

The Court: "The jury will be instructed that the only charge against this defendant, as it now stands, is the possession of non tax paid whiskey, one gallon, and that is the only charge that is on trial before them. Counsel have the right to draw from the testimony any logical deduction as to what it shows. While that will not authorize a conviction of any other crime other than that charge—"

Mr. Goldberg: "No".

The Court: "—yet if the deduction from the testimony is logical, it is proper argument."

3. In his amendment to his motion for new trial, appellant, alleging that the evidence had been newly discovered and the failure to discover it sooner was due to no lack of diligence on his part, submitted the affidavits of the two men referred to by the sheriff in his testimony, in which they denied positively that they had purchased from appellant the liquor seized by the sheriff from them. They further denied that on the day and date in question they went into his yard. They further stated that, at a point approximately 400 yards from McCall's house, they had picked up a gallon of whiskey which had been previously deposited on the Southwest bank of said road.

are convinced that all of them taken together make out a case requiring the reversal of the judgment and the remand of the cause for further and not inconsistent proceedings.